IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| ECOFACTOR, INC, <br>    *Plaintiff,* | § § § | |
| v. | § § | 6-20-CV-00080-ADA |
| VIVINT, INC., <br>    *Defendant.* | § § § § | |

## ORDER DENYING MOTION TO TRANSFER VENUE

Before the Court is Defendant Vivint, Inc.'s ("Vivint") motion to transfer (ECF No. 21) to the Northern District of California ("NDCA") pursuant to 28 U.S.C. § 1404(a). After careful consideration of the parties' briefs and the applicable law, the Court **DENIES** Vivint's Motion to Transfer.

## I. BACKGROUND

Plaintiff EcoFactor, Inc. ("Ecofactor") filed this lawsuit on January 31, 2020, alleging that a number of Vivint's products and services infringe U.S. Patent Nos. 8,180,492, 8,412,488, 8,738,327, and 10,534,382 (the "Asserted Patents"). Pl.'s Compl., ECF No. 1. On May 27, 2020, Vivint filed an answer (ECF No. 13). On July 13, 2020, Vivint filed this motion to transfer venue under 28 U.S.C. § 1404(a) requesting that this case be transferred to the NDCA. Def.'s Mot., ECF No. 21.

EcoFactor is a California corporation with its corporate headquarters in Palo Alto, California. ECF No. 1, at ¶ 2. Vivint is a Utah corporation with its principal place of business located in Provo, Utah. Def.'s Answer, ECF No. 13, at ¶ 5.

## II. LEGAL STANDARD

In patent cases, motions to transfer under 28 U.S.C. § 1404(a) are governed by the law of the regional circuit. *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008). 28 U.S.C. § 1404(a) provides that, "[f]or the convenience of parties and witnesses, . . . a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." *Id.* "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

The preliminary question under Section 1404(a) is whether a civil action "might have been brought" in the transfer destination venue." *In re Volkswagen, Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) (hereinafter "*Volkswagen II*"). If the destination venue would have been a proper venue, then "[t]he determination of 'convenience' turns on a number of public and private interest factors, none of which can be said to be of dispositive weight." *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004). The private factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (hereinafter "*Volkswagen I*") (citing to *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1982)). The public factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id.*

Courts evaluate these factors based on the situation which existed at the time of filing, rather than relying on hindsight knowledge of the defendant's forum preference. *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960).

The burden to prove that a case should be transferred for convenience falls squarely on the moving party. *In re Vistaprint Ltd.*, 628 F.3d 1342, 1346 (Fed. Cir. 2010). The burden that a movant must carry is not that the alternative venue is more convenient, but that it is clearly more convenient. *Volkswagen II*, 545 F.3d at 314 n.10. Although the plaintiff's choice of forum is not a separate factor entitled to special weight, respect for the plaintiff's choice of forum is encompassed in the movant's elevated burden to "clearly demonstrate" that the proposed transferee forum is "clearly more convenient" than the forum in which the case was filed. *In re Vistaprint Ltd.*, 628 F.3d at 314–15. While "clearly more convenient" is not necessarily equivalent to "clear and convincing," the moving party "must show materially more than a mere preponderance of convenience, lest the standard have no real or practical meaning." *Quest NetTech Corp. v. Apple, Inc.*, No. 2:19-cv-118, 2019 WL 6344267, at *7 (E.D. Tex. Nov. 27, 2019).

### III. ANALYSIS

The threshold determination in the Section 1404 analysis is whether this case could initially have been brought in the destination venue—the NDCA. Neither party contests the fact that venue is proper in the NDCA and that this case could have been brought there. Thus, the Court proceeds with its analysis of the private and public interest factors.

**A. The Private Interest Factors Weigh Against Transfer.**

*i. The Relative Ease of Access to Sources of Proof*

"In considering the relative ease of access to proof, a court looks to where documentary evidence, such as documents and physical evidence, is stored." *Fintiv Inc. v. Apple Inc.*, No. 6:18-cv-00372, 2019 WL 4743678, at *2 (W.D. Tex. Sept. 10, 2019). "[T]he question is *relative* ease of access, not *absolute* ease of access." *In re Radmax*, 720 F.3d 285, 288 (5th Cir. 2013) (emphases in original). "In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Apple Inc.*, 979 F.3d 1332, 1340 (Fed. Cir. 2020) (citing *In re Genentech*, 566 F.3d at 1345).

*1. Witnesses Are Not Sources of Proof*

This Court, in following Federal Circuit precedent, has made clear that witnesses are not sources of proof to be analyzed under this factor. Under this factor, the Court considers only documents and physical evidence. *Netlist, Inc. v. SK hynix Inc. et al*, No. 6:20-cv-00194-ADA (W.D. Tex. Feb. 2, 2021) ("The first private factor, ease of access to sources of proof, considers 'documents and physical evidence' *as opposed to witnesses*.") (emphasis added); *In re Apple Inc.*, 979 F.3d 1332, 1339 (Fed. Cir. 2020) ("[t]his factor relates to the ease of access to non-witness evidence, such as documents and other physical evidence"); *Volkswagen II*, 545 F.3d at 315 ("All of the documents and physical evidence relating to the accident are located in the Dallas Division"). Accordingly, any analysis pertaining to witnesses is more appropriately assessed under the second or third private factor.

*2. Location of Physical Documents*

Vivint does not point with particularity to any relevant physical documents, nor does it confirm the existence of any physical documents located in the NDCA. Rather, Vivint asserts generally that "none of the relevant sources of proof are in this District" and that such evidence is instead in Utah or the NDCA. Def.'s Mot. at 8. Importantly, Vivint, as a corporation registered and headquartered in Utah, does not allege that it has any prominent presence in the NDCA. Further, the Court is not persuaded by Vivint's vague argument regarding "relevant sources of proof." *See Rockstar Consortium US LP v. Google Inc.*, No. 2:13-CV-893-JRG-RSP, 2014 WL 4748692, at *3–5 (E.D. Tex. Sept. 23, 2014) (weight of the evidence presented by Google for this factor did not meet its burden where Google provided "neither evidence of where its documents are actually located nor evidence that these documents are more available or accessible from the Northern District of California than they would be from [] Texas").

EcoFactor likewise does not specifically point out in its response the location of any relevant physical documents. EcoFactor does note that most relevant documents are electronically stored and readily accessible from this District. Pl.'s Resp.. at 3.

### 3. Location of Electronic Documents

Although the physical location of electronic documents does affect the outcome of this factor under current Fifth Circuit precedent (*see Volkswagen II*, 545 F.3d at 316), this Court has stressed that the focus on physical location of electronic documents is out of touch with modern patent litigation. *Fintiv*, 2019 WL 4743678, at *8; *Uniloc 2017 LLC v. Apple Inc.*, 6-19-CV-00532-ADA, 2020 WL 3415880, at *9 (W.D. Tex. June 22, 2020) ("[A]ll (or nearly all) produced documents exist as electronic documents on a party's server. Then, with a click of a mouse or a few keystrokes, the party [can] produce[] these documents" and make them available at almost any location). Other courts in the Fifth Circuit similarly found that access to documents

5

that are available electronically provides little benefit in determining whether a particular venue is more convenient than another. *See Uniloc USA Inc. v. Samsung Elecs. Am.*, No. 2:16-cv-642-JRG, 2017 U.S. Dist. LEXIS 229560, at *17 (E.D. Tex. Apr. 19, 2017) ("Despite the absence of newer cases acknowledging that in today's digital world computer stored documents are readily moveable to almost anywhere at the click of a mouse, the Court finds it odd to ignore this reality in favor of a fictional analysis that has more to do with early Xerox machines than modern server forms.").

In its motion, Vivint focuses heavily on the location of EcoFactor's documents and argues that such evidence is in the NDCA. Def.'s Mot. at 8. However, as EcoFactor points out, the realities of modern-day electronic document storage and production is that "all of [its] documents are available electronically and can easily be made available in this District." Pl.'s Resp. at 3.

Vivint also points out that review of its source code for the co-pending ITC litigation between the parties took place in the NDCA because EcoFactor's reviewers are located there. Def.'s Mot. at 2. Specifically, Vivint argues that it transported its source code from Utah to the NDCA. *Id.* As this Court has previously stated, "source code is, by its very nature, electronic, it can be easily transported electronically to distant locations essentially instantaneously." *Fintiv*, 2019 WL 4743678, at *3 n.1. Vivint's relocation of its source code from Utah to California in the ITC proceeding confirms that Vivint has the capability to make the source code available at another location, such as in this District.

Because the relevant documentary evidence identified by the parties are electronically available, which can be easily accessed from this District, the Court finds that this factor is neutral.

### *ii. The Availability of Compulsory Process to Secure the Attendance of Witnesses*

In this factor, the Court considers particularly non-party witnesses whose attendance may need to be secured by a court order. *Fintiv*, 2019 WL 4743678, at *5 (citing *Volkswagen II*, 545 F.3d at 316); *Uniloc,* 2020 WL 3415880, at *10. This factor "weigh[s] heavily in favor of transfer when more third-party witnesses reside within the transferee venue than reside in the transferor venue." *In re Apple, Inc.*, 581 F. App'x. 886, 889 (Fed. Cir. 2014). Under the Federal Rules, a court may subpoena a witness to attend trial only (a) "within 100 miles of where the person resides, is employed, or regularly transacts business in person"; or (b) "within the state where the person resides, is employed, or regularly transacts business in person, if the person . . . is commanded to attend a trial and would not incur substantial expense." Fed. R. Civ. P. 45(c)(1)(A), (B)(ii); *Gemalto S.A. v. CPI Card Grp. Inc.*, No. 15-CA-0910, 2015 WL 10818740, at *4 (W.D. Tex. Dec. 16, 2015). As party witnesses almost invariably attend trial willingly, "[w]hen no party has alleged or shown any witness's unwillingness, a court should not attach much weight to the compulsory process factor." *CloudofChange, LLC v. NCR Corp.*, No. 6-19-cv-00513 (W.D. Tex. Mar. 17, 2020) (citation omitted).

In one sentence, Vivint argues that this factor favors transfer "[g]iven the residence of most evidence and many witnesses in California." Def.'s Mot. at 8. In support of its argument, Vivint references Google's Motion.[1] *Id.* In Google's Motion, it generally asserts that "relevant third-party witnesses include the named inventors and possibly researchers who collaborated with EcoFactor." *EcoFactor, Inc. v. Google LLC*, No. 6-20-CV-00075-ADA, Def.'s Mot., ECF No. 19. Like Google, Vivint fails to show that any witnesses are unwilling to attend trial. Rather, Vivint relies on Google's request of the court to assume any such witnesses are unwilling. *Id.*

---

[1] *EcoFactor, Inc. v. Google LLC*, No. 6-20-CV-00075-ADA, Def.'s Mot., ECF No. 19.

But hypothetical scenarios are not evidence of unwillingness. *Turner v. Cincinnati Ins. Co.*, No. 6:19-cv-642-ADA-JCM, 2020 WL 210809, at *3 (W.D. Tex. Jan. 14, 2020) ("This private interest factor carries far less weight when the movant has not alleged or shown that any witnesses are unwilling to testify."). Further, EcoFactor has a consulting agreement with Mr. Steinberg, the only named inventor who lives in NDCA. Pl.'s Resp. at 4. As such, his attendance at trial can be secured without a subpoena. *Id.*

As to the two suppliers that Vivint identifies, Vivint does not identify the relevant knowledge, if any, that the suppliers may have. Further, one supplier, Golden Power Manufacturing Limited, is a foreign company (Def.'s Mot. at 4) and, as such, does not support transfer to the NDCA. With respect to the second supplier—Radio Thermostat Company, Vivint cannot rely on cherry-picked potential witnesses who might live in NDCA to support its argument—especially when Vivint cannot specifically identify any witnesses, the nature of the information those individuals have, and how any such information relates to this case. "The Court gives more weight to those specifically identified witnesses and affords less weight to vague assertions that witnesses are likely located in a particular forum." *Core Wireless Licensing, S.A.R.L. v. Apple, Inc.*, No. 6:12-cv-100 LED-JDL, 2013 WL 682849, at *3 (E.D. Tex. Feb. 22, 2013); *Rockstar Consortium US LP v. Google Inc.*, No. 2:13-cv-893-JRG-RSP, 2014 WL 4748692, at *4–5 (burden not met where movant provided "little, if any, evidence for the Court to work with as to what the witnesses would actually testify to and as to where the witnesses actually live," and made "no statement which, if any, of these witnesses will be called to testify and whether any of the witnesses are willing or unwilling").

Similarly, Vivint's general assertions that "UC Berkeley is a source of *potential* prior art" (Def.'s Mot. at 4) and that EcoFactor has a partnership with a company based in the NDCA (Id.

8

at 5) are not persuasive. With respect to both assertions, Vivint has failed to identify a single individual with relevant, material knowledge, and has failed to show that any such individual would be unwilling to testify at trial. In fact, Vivint does not assert that it even intends to call any such witnesses at trial. *See Rockstar Consortium*, 2014 WL 4748692, at *4 (burden not met where movant provided "little, if any, evidence for the Court to work with as to what the witnesses would actually testify to and as to where the witnesses actually live," and made "no statement which, if any, of these witnesses will be called to testify and whether any of the witnesses are willing or unwilling.").

Finally, to the extent that any of Vivint's out-of-district unidentified third-party witnesses would be necessary for trial, Vivint does not assert that it would be inconvenienced by presenting any such testimony by video. While there is some benefit to providing live witnesses at trial, using non-party witnesses' deposition as opposed to live testimony would not likely inconvenience the party. *See, e.g., Nexus Display Techs. LLC v. Dell, Inc.*, No. 2:14-cv-762, 2015 WL 5043069, at *4. (E.D. Tex. Aug. 25, 2015). Vivint fails to acknowledge the potential use of non-party witnesses' deposition testimony, much less show that any such use would inconvenience it.

In view of the above, the Court finds this factor is neutral.

### *iii. The Cost of Attendance for Willing Witnesses*

"The convenience of witnesses is the single most important factor in the transfer analysis." *Fintiv*, 2019 WL 4743678, at *6. "Courts properly give more weight to the convenience of non-party witnesses than to party witnesses." *Netlist*, No. 6:20-cv-00194-ADA at 13; *see Moskowitz Family LLC v. Globus Med., Inc.*, No. 6:19-cv-00672-ADA, 2020 WL 4577710, at *4 (W.D. Tex. Jul. 2, 2020).

As a preliminary matter, given typical time limits at trial, the Court does not assume that all of the party and third-party witnesses listed in Section 1404(a) briefing will testify at trial. *Fintiv*, 2019 WL 4743678, at *6. Rather, in addition to the party's experts, the Court assumes that no more than a few party witnesses—and even fewer third-party witnesses, if any—will testify live at trial. *Id.* Therefore, long lists of potential party and third-party witnesses do not affect the Court's analysis for this factor. *Id.*

Vivint does not identify a single witness who lives in or near California, much less the NDCA. Rather, Vivint suggests that all relevant witnesses are located in Utah. Def.'s Mot. at 3. EcoFactor represents that it has identified four Vivint employees in Texas who work or have worked directly on the accused Vivint products and are thus highly likely to have relevant, material information. Pl.'s Resp. at 6.

Vivint also relies on EcoFactor's potential witnesses to support its argument for transfer. *See* Def.'s Mot. at 4. However, the "convenience of party witnesses is given little weight." *SynKloud Techs., LLC v. Dropbox, Inc.*, No. 6:19-cv-00525-ADA, 2020 WL 2494574, at *4 (W.D. Tex. May 14, 2020). When EcoFactor filed its actions in this Court, it had already taken consideration of such potential costs. *See Netlist*, No. 6:20-cv-00194-ADA at 13. Further, EcoFactor represents that its own representative and likely Rule 30(b)(6) witness has declared that he is willing to attend trial in this District and that such attendance will not be inconvenient for him. Pl.'s Resp. at 6. Therefore, the Court finds that this factor is also neutral.

### *iv. All Other Practical Problems That Make Trial of a Case Easy, Expeditious and Inexpensive*

When considering the private interest factors, courts must consider "all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen II*, 545 F.3d at 314. "Particularly, the existence of duplicative suits involving the same or similar issues may

10

create practical difficulties that will weigh heavily in favor or against transfer." *PersonalWeb Techs., LLC v. NEC Corp. of Am., Inc.*, No. 6:11-cv-655, 2013 WL 9600333, at *5 (E.D. Tex. Mar. 21, 2013).

EcoFactor has filed multiple lawsuits in this District involving the same patents.[2] The cases involve overlapping issues, such as claim construction, invalidity, prior art, conception, and reduction to practice. This Court has recognized that "judicial economy favors having the infringement of the same patent considered by one judge." *SynKloud*, 2020 WL 2494574, at *5.

Because parallel litigation concerning the same patent at issue is pending in this District, this factor strongly weighs against transfer.

**B. The Public Interest Factors Weigh Against Transfer.**

*i. Administrative Difficulties Flowing From Court Congestion*

The relevant inquiry under this factor is actually "[t]he speed with which a case can come to trial and be resolved[.]" *In re Genentech, Inc.*, 566 F.3d 1338, 1347 (Fed. Cir. 2009). A faster average time to trial means a more efficient and economical resolutions of the claims at issue. Without addressing this specific factor, Vivint suggests that this factor favors transfer by generally asserting that the public interest factors favor transfer to the NDCA. Def.'s Mot. at 9.

This Court's default schedule would lead to a trial date much sooner than the average time to trial in the NDCA. Further, this Court has demonstrated its capability of conducing in-person jury trials in a safe and efficient manner in the COVID-19 pandemic. This Court held its first patent jury trial in October 2020, and has held three more in-person jury trials in the first quarter of 2021 already. Thus, this Court is fully open and equipped to safely conduct jury trials

---

[2] *EcoFactor, Inc. v. Google, LLC*, No. 6:20-cv-00075-ADA; *EcoFactor, Inc. v. Ecobee, Inc*, No. 6:20-cv-00078-ADA.

11

in the COVID-19 pandemic. Conversely, the NDCA suspended all criminal and civil jury trials until at least early 2021, and there is no evidence that any division in the NDCA is fully open to this date. If this case is transferred to the NDCA, in addition to deferred trial settings as a result of the COVID-19 pandemic, transferring this case and establishing a new schedule with a new presiding judge would cause greater delay. Therefore, this factor weighs heavily against transfer.

### ii. Local Interest in Having Localized Interests Decided at Home

Under this factor, the Court must evaluate whether there is a local interest in deciding local issues at home. *Volkswagen II*, 545 F.3d at 317. "A local interest is demonstrated by a relevant factual connection between the events and the venue." *Word to Info, Inc. v. Facebook, Inc.*, No. 3:14-cv-04387-K, 2015 WL 13870507, at *4 (N.D. Tex. Jul. 23, 2015).

Vivint states that the NDCA has a stronger local interest "given that multiple companies based there design and develop the thermostats that EcoFactor accuses of infringement." Def.'s Mot. at 9. Though EcoFactor is based in the NDCA, Vivint does not dispute that it has no relevant ties to the NDCA. Further, Vivint is accused of committing acts of infringement in this District and has a significant presence in Texas, including in this District. Pl.'s Resp. at 9.

Because both districts have a significant interest in this case, the Court finds this factor neutral.

### iii. Familiarity of the Forum With the Law That will Govern the Case

Both parties agree that this factor is neutral. Def.'s Mot. at 9; Pl.'s Resp. at 9. The Court also agrees.

### iv. Avoidance of Unnecessary Problems of Conflict of Laws or in the Application of Foreign Law

Both parties agree that this factor is neutral. *Id*. The Court also agrees.

## V. CONCLUSION

Having considered the Section 1404(a) factors, the Court finds that Vivint has not met its significant burden to demonstrate that the NDCA is "clearly more convenient" than this District. Therefore, the Court **DENIES** Vivint's Motion to Transfer.

SIGNED this 16th day of MONTH, 2021.

**ALAN D ALBRIGHT**
**UNITED STATES DISTRICT JUDGE**