# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| ECOFACTOR, INC.<br><br>Plaintiff,<br><br>v.<br><br>VIVINT, INC.,<br><br>Defendant. | Case No. 6:20-cv-00080-ADA<br><br>▉▉▉▉▉▉▉▉▉▉ |

**MOTION TO STRIKE EXPERT OPINIONS ON NON-INFRINGING ALTERNATIVES**

**TABLE OF CONTENTS**

I.    INTRODUCTION ........................................................................................................... 1
II.   FACTUAL BACKGROUND ........................................................................................ 1
   A.   VIVINT'S EXPERTS' OPINIONS ON NON-INFRINGING ALTERNATIVES .................................. 1
   B.   VIVINT FAILED TO IDENTIFY THIS NON-INFRINGING ALTERNATIVE UNTIL ITS REBUTTAL REPORTS.................................................................................................................... 2
III.  ARGUMENT .................................................................................................................. 3
IV.   CONCLUSION ............................................................................................................... 6

# TABLE OF AUTHORITIES

**Cases**

*Bitterroot Holdings, L.L.C. v. MTGLQ Inv'rs, L.P.*,
   648 F. App'x 414 (5th Cir. 2016) .................................................................................. 4
*Brown v. AT&T Serv. Inc.*,
   236 F. Supp. 3d 1000 (S.D. Tex. 2017) ......................................................................... 4
*LaserDynamics, Inc. v. Quanta Computer, Inc.*,
   No. 2:06-CV-348, 2011 WL 197869 (E.D. Tex. Jan. 20, 2011) ................................... 5
*Maguregui v. ADP, LLC*,
   No. EP-16-CV-121-PRM, 2017 WL 5473484 (W.D. Tex. Apr. 10, 2017) ................. 4
*Mars, Inc. v. Coin Acceptors, Inc.*,
   527 F.3d 1359 (Fed. Cir. 2008) ..................................................................................... 5
*Smart Skins, LLC v. Microsoft Corp.*,
   2016 WL 4148091 (W.D. Wash. July 1, 2016) ............................................................ 5
*SPEX Techs. v. Apricorn, Inc.*,
   No. CV 16-07349JVS(AGRX), 2020 WL 1289546 (C.D. Cal. Jan. 21, 2020) ...... 5, 6
*State Indus., Inc. v. Mor-Flo Indus., Inc.*,
   883 F.2d 1573 (Fed. Cir. 1989) ..................................................................................... 5

**Rules**

Fed. R. Civ. P. 26 ............................................................................................... 1, 4, 5, 6
Fed. R. Civ. P. 26(a)(2)(B) .................................................................................................. 5
Fed. R. Civ. P. 26(e) ............................................................................................................ 5
Fed. R. Civ. P. 37(c) ............................................................................................................ 6
Fed. R. Civ. P. 37(c)(1) ....................................................................................................... 4
Federal Rule of Evidence 802 ............................................................................................ 1

I.      INTRODUCTION

Plaintiff EcoFactor, Inc. ("EcoFactor") respectfully moves pursuant to Federal Rules of Civil Procedure 26 & 37, and Federal Rule of Evidence 802, to strike Defendant Vivint, Inc. ("Vivint")'s experts' opinions on a putative non-infringing alternative that Vivint failed to disclose until its rebuttal expert reports. Vivint did not disclose this alleged non-infringing alternative in response to EcoFactor's Interrogatory No. 12, which directly asks Vivint to provide its contentions regarding alleged non-infringing alternatives. Vivint's decision to wait until rebuttal reports to disclose the alternative has prejudiced EcoFactor by depriving it of the ability to take fact discovery on the alternative, for example while deposing on other topics the very same fact witness on which Vivint's experts rely. And because the alternative was not disclosed until the issuance of rebuttal reports, EcoFactor's experts had no opportunity to provide expert opinions on that alternative. The Court should therefore strike Vivint's non-infringement expert Dr. Darryl James's analysis of the undisclosed non-infringing alternative at paragraph 130 of his expert report, and Vivint's damages expert Stephen Becker's reliance on the same non-infringing alternative at paragraphs 115-116, 155, 182(a), 185, and FN 315 of his report.

II.     FACTUAL BACKGROUND

    A.      Vivint's Experts' Opinions on Non-Infringing Alternatives

In his rebuttal report of October 22, 2021, Dr. James identified the following non-infringing alternative: ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

1



Ex. A[1], October 22, 2021 Rebuttal Expert Report of Dr. Darryl James ("James Rpt.) ¶ 130.  Dr. James cites no evidence in support of this opinion. *See id*.

Vivint's damages expert relies on "Discussion with Dr. James" for his understanding of this same "alternative." Ex. B, October 22, 2021 Expert Report of Stephen Becker ("Becker Rpt.") ¶ 115-116, 155, 182(a), 185, and related footnotes, and FN 315.  Mr. Becker apparently had two calls with Dr. James, and first learned of this alternative from Dr. James during his first call around November 18, 2021. Ex. C, November 18, 2021 Deposition of Stephen Becker ("Becker Dep.) (rough transcript) at 90:5-91:23. Relying on Dr. James' opinion that it would take                     Dr. Becker opines that                      Becker Rpt. at ¶116.

B. **Vivint Failed To Identify This Non-Infringing Alternative Until Its Rebuttal Reports**

The non-infringing alternative addressed in the above opinions was not disclosed until Dr. James and Dr. Becker's rebuttal reports.

EcoFactor's Interrogatories asked Vivint to identify any alleged non-infringing alternatives or design-arounds during the fact discovery period, so as to enable EcoFactor to take discovery on them or address them in its opening expert reports.  For example, EcoFactor's

---

[1] Unless indicated otherwise, all citations to exhibits herein are to the Declaration of Reza Mirzaie in support of this motion.

Interrogatory No. 12 requests Vivint to identify all "planned, potential, alleged, or implemented design-around or non-infringing alternative of any claim of the Asserted Patents." Ex. D, Vivint's Third Supplemental Responses to EcoFactor's First Set of Interrogatories, dated September 14, 2021, at 31-32.

Initially, Vivint did not identify non-infringing alternatives in response to this Interrogatories (Ex. D at 31-32), and so EcoFactor wrote a letter to Vivint requesting its availability to confer on the Interrogatories and indicating that it would move to compel a response if none was forthcoming. Ex. E, August 12, 2021 Letter from M. Chan to counsel for Vivint, at 2. The Parties conferred on EcoFactor's letter, and Vivint committed to supplement its responses.

Vivint's first supplemental response (on August 25, 2021) to Interrogatory No. 12 simply incorporate by reference its "prior art identified in the invalidity contentions served in this action." See Ex. D at 32. Vivint's final invalidity contentions contained numerous prior art references, including 31 invalidity charts. See Ex. F. EcoFactor wrote another letter to Vivint notifying Vivint that such a supplemental response did not provide responsive information. Ex. G, August 26, 2021 Letter from M. Chan to counsel for Vivint at 2. Vivint again supplemental its response to specify a little further which "prior art identified in the invalidity contentions" it was contending was a noninfringing alternative, namely U.S. Patent Appl. Pub. No. 2005/0171645 ("Oswald '645") and U.S. Patent No. 7,778,734 ("Oswald '734"). Ex. D at 32. However, Vivint did not identify the alternative analyzed by Mr. James or described at length by Mr. Becker. *Id.*

**III.    ARGUMENT**

Pursuant to Fed. R. Civ. P. 26, Vivint was required to identify all potential non-infringing alternatives in response to EcoFactor's interrogatories, and to supplement seasonably its responses with any new information. Federal Rule of Civil Procedure 37(c) (1) addresses sanctions for failing to disclose and states, "[i]f a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *Bitterroot Holdings, L.L.C. v. MTGLQ Inv'rs, L.P.*, 648 F. App'x 414, 419 (5th Cir. 2016). Moreover, the party facing sanctions under Rule 37(c) has the burden of demonstrating that a violation of Rule 26 was substantially justified or harmless. *See, e.g., Maguregui v. ADP, LLC*, No. EP-16-CV-121-PRM, 2017 WL 5473484 at *2 (W.D. Tex. Apr. 10, 2017); *Brown v. AT&T Serv. Inc.*, 236 F. Supp. 3d 1000, 1005 (S.D. Tex. 2017).

Moreover, the proponent of an alleged non-infringing alternative bears the burden of establishing the availability and acceptability of that alternative. *Mars, Inc. v. Coin Acceptors, Inc.*, 527 F.3d 1359, 1373 (Fed. Cir. 2008); *State Indus., Inc. v. Mor-Flo Indus., Inc.*, 883 F.2d 1573,1581 (Fed. Cir. 1989); *LaserDynamics, Inc. v. Quanta Computer, Inc.*, No. 2:06-CV-348, 2011 WL 197869, at *2 (E.D. Tex. Jan. 20, 2011). The party propounding a non-infringing alternative therefore cannot wait until rebuttal reports to disclose and provide expert opinions on that alternative. *Smart Skins, LLC v. Microsoft Corp.*, 2016 WL 4148091 at * 2 (W.D. Wash. July 1, 2016) ("The relevant case law establishes that Microsoft, the alleged infringer, has the burden of showing that non-infringing alternatives were both available to it and were acceptable to its customers during the damages period. . . . Therefore, Microsoft should have disclosed expert testimony regarding the non-infringing alternatives at issue in its opening expert reports, but failed to do so."); *SPEX Techs. v. Apricorn, Inc.*, No. CV 16-07349JVS(AGRX), 2020 WL

4

1289546, at *2-3 (C.D. Cal. Jan. 21, 2020) (defendant "had the burden of going forward with non-infringing alternatives. Its less than complete disclosures in its rebuttal reports failed to meet its obligations under Rule 26(a) and (e). (Fed. R. Civ. P. 26(a)(2)(B), (e).) Rebuttal disclosures, even if substantively sufficient were outside the ken of proper rebuttal."). What is more, an opinion on a non-infringing alternative that is not disclosed until rebuttal reports "fall[s] short of meeting the standard for admission under *Daubert* and Rule 702 of the Federal Rule of Evidence" as "there is no way to test the report for the statement and use of reliable principles and methods." *SPEX* at *3 (omitting citations).

Vivint's decision to wait until Mr. James's rebuttal report to disclose its true noninfringing alternative has not been harmless. Had Vivint disclosed the alternative in its responses to EcoFactor's interrogatories, EcoFactor could have investigated the acceptability and availability of this alternative through discovery. In fact, EcoFactor deposed Vivint's 30(b)(6) designee on the topic of non-infringing alternatives, but of course had no reason to ask specific questions about a putative alternative that Vivint had never identified. And as no support was identified for Dr. James' noninfringing alternative opinion (*see* Ex. A at ¶130), and no documents have been produced by Vivint, or even a supplemental interrogatory response with a detailed description of the alternative, EcoFactor has no access to the alleged basis for the opinions at issue aside from Dr. James' and Dr. Becker's say-so.

This is particularly problematic as those reports provide no details of how the alleged alternative would be implemented, how Vivint came up with the estimate of the number of hours needed to implement the alternative, or whether Vivint had ever contemplated or studied the alternative prior to the filing of this case. Nor did EcoFactor's experts have any opportunity to address in their own reports whether the alternative could be implemented, and whether it

would provide the same or similar benefits of the infringing products. Thus, in addition to the clear prejudice to EcoFactor, the absence of any admissible evidence regarding the alternative, combined with the inability of EcoFactor's experts to address it in their reports, means that "there is no way to test the report[s] for the statement and use of reliable principles and methods" on this issue, in contravention to *Daubert* and Rule 702 of the Federal Rule of Evidence. *SPEX,* 2020 WL 1289546 at *3.

The parties met and conferred on this motion, and Vivint has not identified a justification for its failure to disclose its true noninfringing alternative theory earlier. And reopening fact and expert discovery is impracticable given that the other pre-trial deadlines and pretrial conference coming up shortly. The Court should therefore strike Mr. James's and Mr. Becker's analysis of the undisclosed non-infringing alternative under Fed. R. Civ. P. 37(c), following Vivint's failure to identify the theory as required by Fed. R. Civ. P. 26, and further should exclude the opinions under Federal Rule of Evidence 702.

## IV. CONCLUSION

For the foregoing reasons, the Court should strike and/or exclude paragraph 130 of Dr. James' rebuttal expert report, and paragraphs 115-116, 155, 182(a), 185, and FN 315 of Dr. Becker's rebuttal expert report.

Date: November 22, 2021                    Respectfully submitted,

                                                                 /s/ Reza Mirzaie

Reza Mirzaie
Marc A. Fenster
Paul A. Kroeger
RUSS AUGUST & KABAT
12424 Wilshire Boulevard 12th Floor
Los Angeles, California 90025
Tel: 310-826-7474
Fax: 310-826-6991
rmirzaie@raklaw.com
mfenster@raklaw.com
prkoeger@raklaw.com

*Attorneys for Plaintiff EcoFactor, Inc.*

7

## CERTIFICATE OF CONFERENCE

I certify that my firm, including my colleagues James Pickens and Kris Davis, conferred with Defendant's counsel regarding the foregoing Motion to Strike on Thursday, November 11, 2021, following email correspondence identifying the proposed relief on November 9, 2021. Defendant's counsel confirmed that their client opposes the requested relief.

/s/ Reza Mirzaie

## CERTIFICATE OF SERVICE

I certify that this document is being served upon counsel of record for Defendant on November 22, 2021 via electronic service.

/s/ Reza Mirzaie

1